Filed 3/6/15  P. v. Wheeler CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>RICHARD MICHAEL WHEELER,<br><br>　　Defendant and Appellant. | D066423<br><br><br><br>(Super. Ct. No. SCE336175) |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

### INTRODUCTION

In an amended felony complaint filed on January 29, 2014, Richard Michael Wheeler was charged with committing a lewd and lascivious act on a child under the age

of 14 in violation of Penal Code[1] section 288, subdivision (a). It was also that alleged Wheeler had substantial sexual contact with the victim within the meaning of section 1203.066, subdivision (a)(8).

The court thereafter denied Wheeler's *Marsden*[2] request that the court replace his court-appointed counsel. After waiving his constitutional rights, Wheeler pleaded guilty and admitted the substantial sexual conduct allegation. His counsel agreed with the guilty plea and acknowledged that Wheeler's waivers of his rights were made knowingly, voluntarily, and intelligently.

The court thereafter sentenced Wheeler to the midterm of six years in state prison. Wheeler was awarded 168 days of actual custody credits and 25 days of conduct credits. He was ordered to pay the following fines and fees: (1) a restitution fine of $1,800; (2) a parole revocation fine of $1,800 which was suspended; (3) a court operations assessment of $40; (4) a conviction assessment of $30; (5) a criminal justice administration (booking) fee of $154; and (6) restitution of $441 to the El Cajon Police Department for the cost of the victim's forensic medical examination. Wheeler was ordered to register as a sex offender (§ 290) and also ordered to have no contact with the victim.

On June 10 and June 18, 2014, Wheeler sent letters to the court stating that he disagreed with the sentence. On July 1 of that year the court issued an order indicating it

---

[1]   All further statutory references are to the Penal Code.

[2]   *People v. Marsden* (1970) 2 Cal.3d 118.

2

had construed the letter Wheeler filed on June 10, 2014, as a motion for modification of the sentence. The court denied the motion for modification of the sentence.

On August 1, 2014, the trial court issued an order indicating it had construed the letter Wheeler filed on June 18, 2014, as a motion for reconsideration of its July 1, 2014, order denying Wheeler's request for modification of the sentence. The court denied the motion for reconsideration.

On July 18, 2014, Wheeler filed a notice of appeal. He requested the issuance of a certificate of probable cause. The court thereafter denied the request for the issuance of a certificate of probable cause.

On July 28, 2014, Wheeler filed another notice of appeal. He again requested the issuance of a certificate of probable cause. The trial court denied that request.

## FACTUAL BACKGROUND[3]

On November 12, 2013, a long-time friend allowed Wheeler, who had been sleeping in his car because his mother had removed him from their residence, to sleep on the floor of her three-bedroom trailer. The friend had three children, ages 10, 14, and 15. The victim was 10 years old. Wheeler touched the victim's vagina inside her underwear. Wheeler voluntarily surrendered to the El Cajon Police Department, admitted that he had touched the victim's vaginal area with his hand, but denied that he touched her "skin to skin."

---

[3] As Wheeler entered a guilty plea before a preliminary hearing was held in this matter, the following factual background is derived from the post-plea probation report.

3

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel has not referred to any possible, but not arguable, issues pursuant to *Anders v. California* (1967) 386 U. S. 738.

We granted Wheeler permission to file a brief on his own behalf.  He has not responded.

A review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and *Anders v. California*, *supra*, 386 U.S. 738, has disclosed no reasonably arguable appellate issue.  Wheeler has been represented adequately by appellate counsel.

## DISPOSITION

The judgment is affirmed.

NARES, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.

4